UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-165-RLV
(5:05-cr-14-RLV-CH-1)

| | |
|---|---|
| LESTER GREGORY JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 2). Petitioner seeks alternative relief under 28 U.S.C. § 2241, or the writs of error coram nobis or audita querela. Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner is represented by Leah A. Kane of the Federal Defenders of Western North Carolina. Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate. Furthermore, Petitioner is not entitled to relief under any alternative grounds.

I. BACKGROUND

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on February 28, 2005, and charged with conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count One); manufacturing and possessing with intent to distribute methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and

1

possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Crim. No. 5:05-cr-14, Doc. No. 1). On July 11, 2005, Petitioner pled guilty to all four offenses without a plea agreement. (Id., Entry Dated 7/11/2005). Petitioner was sentenced to 45 months in prison as to Counts One, Two and Four, to be served concurrently, and to a consecutive 60 months in prison as to the Section 924(c) firearm offense, with this Court entering its judgment on June 30, 2006. (Id., Doc. 17: Judgment).

Petitioner did not appeal. On November 7, 2012, Petitioner filed the instant motion to vacate, arguing that none of his prior convictions qualified as felony offenses for purposes of Section 922(g)(1) and that he is actually innocent, therefore, of the Section 922(g)(1) firearm offense of which he was convicted in this Court. Respondent filed a Response on January 17, 2013, and Petitioner filed a Reply on February 22, 2013.

**II.     STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Paragraph 6 of 28 U.S.C. § 2255, which applies to initial motions to vacate, provides generally for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1). Here, Petitioner's judgment became final when his time for filing an appeal expired, or 14 days after his guilty plea on July 11, 2005. Since Petitioner

did not file his Section 2255 motion to vacate until November 7, 2012, his motion is therefore subject to dismissal as untimely.

There are, however, three exceptions to this general rule, which effectively re-open the time for filing under specific circumstances. The fourth paragraph of Section 2255 subsection (f) provides for a one-year time period for the filing of an initial Section 2255 motion after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Although Petitioner suggests that this provision applies to render his motion timely, "facts" as used in Section 2255(f)(4) refers to an actual or alleged event or circumstances, not to the date a petitioner recognizes their legal significance, United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005). Section 2255(f)(4), therefore, may not be used to re-open the time period for filing an initial Section 2255 petition on the basis of new legal authority; rather "subsequent interpretations of the law 'can be the basis of delay in filing a § 2255 motion only in accordance with § 2255(f)(3).'" Sun Bear v. United States, 644 F.3d 700, 702 n.5 (8th Cir. 2011) (en banc) (quoting district court opinion).

Petitioner also asserts that his case warrants equitable tolling. As the Supreme Court has held, a petitioner is entitled to the equitable tolling of his post-conviction motion only if he shows (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Here, Petitioner did not file his motion to vacate until November 2012, even though Simmons was issued more than a year earlier. Petitioner did not pursue his rights diligently, nor is Petitioner the type of defendant for whom equitable tolling should apply.

Petitioner also seeks relief under 28 U.S.C. § 2241, which is generally a means of attacking the manner in which a sentence is executed, not the validity of the conviction itself.

Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). As the Fourth Circuit recognized in In re Jones, however, where Section 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). While the savings clause can be invoked to permit Section 2241 relief where Section 2255 is inadequate or ineffective, it only applies to permit such relief when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Here, however, Section 2241 relief is not appropriate, because Petitioner was convicted of three offenses for which he is serving three concurrent terms of 45 months in prison. Therefore, even if Petitioner is actually innocent of the Section 922(g)(1) offense, vacating the Section 922(g)(1) conviction will have no practical effect on the term of imprisonment he is serving.[1] Accordingly, the extraordinary remedy of Section 2241 relief is not warranted.

---

[1] Indeed, because the 45-month, concurrent sentence for the Section 922(g) conviction commenced in 2005, Petitioner is not still in custody based on the Section 922(g) conviction. Rather, at this point, he is serving the consecutive 60-month sentence on the Section 924(g) conviction. Because Petitioner has already served his prison sentence for the conviction he challenges, this Court does not even have jurisdiction over Petitioner's challenge to his Section 922(g) conviction. See Maleng v. Cook, 490 U.S. 488, 490-91, 494 (1989) (per curiam) (holding that a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the

Finally, Petitioner seeks alternative relief through a writ of error coram nobis or a writ of audita querela. Coram nobis relief is only available, however, when all other avenues of relief are inadequate and where the defendant is no longer in custody. In re Daniels, 203 F. App'x 442, 443 (4th Cir. 2006) (unpublished); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988); see also Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) (citing cases); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate'" (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947))). Here, Petitioner is in custody, rendering coram nobis relief unavailable. Similarly, audita querela relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992), and, here, Petitioner's claim does not fall within such a gap.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely. Furthermore, the Court finds that Petitioner is not entitled to relief under any of his alternative claims for relief.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 2), is **DISMISSED** as untimely, and Petitioner is not entitled to relief on any of his alternative grounds.

---

time his petition is filed" and that the failure to establish the in custody requirement deprives a federal habeas court of subject matter jurisdiction).

5

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 26, 2013

Richard L. Voorhees
United States District Judge