IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12CV165-RLV
(5:05CR14-RLV-CH-1)

| | |
|---|---|
| LESTER GREGORY JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on a motion by the Government for Reconsideration of the Court's prior Order dismissing Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence as untimely. (Doc. No. 10). Petitioner is represented by Ross H. Richardson of the Federal Defenders of Western North Carolina.

Petitioner was indicted by the Grand Jury for the Western District of North Carolina on February 28, 2005, and charged with conspiracy to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count One); attempting to manufacture and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, and aiding and abetting the same, in violation of 18 U.S.C. § 2 (Count Two); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). (Crim. Case No. 5:05cr14-RLV-CH, Doc. No. 1: Indictment). About four months later, Petitioner pled guilty to all four offenses without a plea agreement. (Id., Docket Entry dated July 11, 2005). On the strength of his guilty plea, Petitioner was sentenced to 45 months in

1

prison as to Counts One, Two, and Four, to be served concurrently, and to a consecutive 60 months in prison as to the § 924(c) firearm offense, with this Court entering its judgment on June 30, 2006. (Id., Doc. No. 17: Judgment).

Petitioner did not appeal, but on November 7, 2012, Petitioner filed a motion to vacate his conviction under § 2255, § 2241, coram nobis, and audita querela, arguing that, under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), none of his prior convictions qualified as felony offenses for purposes of § 922(g)(1). In response to Petitioner's motion, the Government moved to dismiss his motion to vacate under § 2255 as untimely and argued that no other basis for relief should be credited. See (Doc. No. 4). Petitioner filed a reply, and on February 26, 2013, this Court dismissed Petitioner's motion to vacate and denied Petitioner's other requested relief. (Doc. Nos. 7: 8). The next day, on February 27, 2013, the Government filed the pending motion for reconsideration. In the motion, the Government argues that this Court should reconsider its denial of relief under § 2241 and enter an amended judgment, vacating Petitioner's § 922(g)(1) conviction. (Doc. No. 10). For the following reasons, the Court agrees that Petitioner should be granted relief, and the Court will therefore vacate Petitioner's § 922(g)(1) conviction.

In its initial response, the Government opposed Petitioner's motion for relief from his § 922(g)(1) conviction, arguing that vacatur of his § 922(g)(1) conviction in Count Four would not affect his sentence because Petitioner is serving three concurrent terms of 45 months in prison on Counts One, Two, and Four. The Government explains that it was relying on the "concurrent sentence" doctrine, which provides generally that "the existence of one valid conviction may make unnecessary the review of other convictions when concurrent sentences have been given, provided that there are no adverse collateral consequences to a defendant as a result of the

2

concurrent sentence." United States v. Hudacek, 24 F.3d 143, 145 n.1 (11th Cir. 1994). The Government further notes, however, that relief may be granted where the conviction itself is erroneous, and where the defendant received cumulative monetary assessments. See Ray v. United States, 481 U.S. 736, 737 (1987); United States v. Hill, 859 F.2d 325, 326 (4th Cir. 1988). The Government states that because Petitioner received a special assessment specific to his § 922(g)(1) conviction, the concurrent sentence doctrine does not apply to preclude post-conviction relief. The Government, therefore, concedes that the requirements for relief under § 2241 are satisfied in this case with respect to Petitioner's § 922(g)(1) conviction. That is, although Petitioner's conviction was lawful at the time of his conviction, in light of Simmons he no longer has a prior, underlying felony for the purpose of his § 922(g)(1) conviction. The Government states, therefore, that while vacating Petitioner's § 922(g)(1) conviction will not affect his sentence, the Government agrees with Petitioner that he is entitled to relief from that conviction. The Government's argument is correct; therefore, the Court will grant the motion for reconsideration and order that the § 922(g)(1) conviction be vacated.

**IT IS HEREBY ORDERED** that Respondent's Motion for Reconsideration is **GRANTED**, and Petitioner's § 922(g)(1) conviction is hereby vacated. Petitioner is therefore entitled to reimbursement of the $100 special assessment heretofore imposed on him as a result

of § 922(g)(1) conviction.[1]  An amended judgment will be entered accordingly.

Signed: March 12, 2014

Richard L. Voorhees
United States District Judge

---

[1] The record shows Petitioner has paid the original assessment of $400 in full.

4